UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALICE WEISS,

           Plaintiff,

   - against -

MORGAN STANLEY INVESTMENT
MANAGEMENT,
           Defendant.
-------------------------------------------------------x

ELECTRONICALLY FILED

05-CV-3310 (GBD)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE THE COURT'S MARCH 21, 2006 ORDER AND TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Morgan Stanley Investment Management Inc. ("Morgan Stanley" or "Defendant"), by and through its attorneys, Morgan Lewis & Bockius LLP, respectfully requests that the Court issue an order enforcing its March 21, 2006 Order[1] and dismissing the Amended Complaint of Plaintiff Alice Weiss ("Plaintiff") with prejudice. As will be explained below, this remedy is warranted based on Plaintiff's failure to comply with this Court's March 21, 2006 Order, her ongoing and persistent dilatory actions in this case and her failure to otherwise prosecute this action.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2003, Plaintiff was laid off in connection with a 54 person reduction-in-force ("RIF"). Plaintiff, like the other individuals who were let go in the RIF, was offered a generous severance package. Plaintiff rejected that package and retained an attorney in

---

[1] A copy of the Court's March 21, 2006 Order is attached to the Affidavit of Amber Kagan ("Kagan Aff."), Exhibit ("Exh.") A.

an effort to negotiate an enhanced monetary amount. After several discussions with Plaintiff's attorney, during which the parties were getting close to a resolution, Plaintiff ended her relationship with that attorney.

After filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), which dismissed the charge after concluding that there was no probable cause to believe that Morgan Stanley had discriminated in any way, Plaintiff commenced the instant action. The initial Complaint was filed *pro se* on March 3, 2005. Thereafter, Plaintiff retained the law firm of Outten & Golden, one the premier Plaintiffs' employment firms in New York City. Outten & Golden filed an Amended Complaint on June 7, 2005.

Shortly after the Amended Complaint was filed, the parties agreed to engage in a private mediation in an attempt to resolve the matter. A full-day mediation was held before Carol Wittenberg, an extremely qualified and experienced employment law mediator, on September 6, 2005. At the conclusion of the mediation the parties were close to reaching an agreement and, therefore, decided to continue their negotiations (with the assistance of Ms. Wittenberg) in the subsequent weeks. After a series of discussions, which concerned all the material terms of the settlement, the parties reached an agreement. In reliance on this agreement, the Court was informed of the settlement on September 16, 2006. (See September 16, 2006 letter, attached to the Kagan Aff., Exh. A). Thereafter, without explanation, Plaintiff reneged on, and attempted to renegotiate the terms of, the Agreement. Significantly, the term which Plaintiff attempted to renegotiate was monetary -- the very heart of the deal that had been reached.

As a result of Plaintiff's actions, Morgan Stanley requested and was granted a Settlement Conference before the Honorable Magistrate Douglas Eaton. Following that conference, which took place on October 31, 2005, the parties again reached an agreement on the

material terms of a settlement. On November 16, 2005, Morgan Stanley sent Plaintiff a draft Settlement Agreement. After several discussions between counsel, the parties agreed on all terms in the Agreement. This settlement was communicated to the Court in a letter dated January 3, 2006. (See January 3, 2006 letter at Kagan Aff. Exh. B).

Once again, however, Plaintiff decided to renege on the Agreement. Indeed, after weeks of attempting to ascertain the status of the Agreement, Outten & Golden informed Morgan Stanley's counsel that Plaintiff did not appear to be interested in the settlement and had entirely stopped communicating with them. In fact, Outten & Golden indicated that it would retaining a private investigator to determine Plaintiff's whereabouts.

On February 1, 2006, the firm of Outten & Golden sent a letter to the Court in which it stated:

> This firm represents the Plaintiff, Alice Weiss; I write on behalf of both parties. For approximately the last five weeks, my firm has been unsuccessful in contacting our client. We have telephoned, emailed, sent a paralegal to Ms. Weiss' home and finally engaged a private investigator. The investigator reached Ms. Weiss, who told the investigator a week ago that she would call us; she has not done so, although we have continued to leave telephone messages for her. The parties had agreed on the terms of a settlement, but Ms. Weiss stopped communicating with us before signing the Agreement.

(See February 1, 2006 letter, Kagan Aff. Exh. C). Outten & Golden went on to request that the Court schedule a conference and order Plaintiff to personally appear.

On March 21, 2006, this Court issued an order (the "Order") in which it dismissed the case for failure to prosecute and informed Plaintiff that she could restore the action to the calendar if she "communicated an intention to settle or otherwise proceed with this action within sixty (60) days of this order." On May 19, 2006, fifty-nine (59) days after the Order, a third attorney, William Wexler, sent a letter to the Court. In his letter, Mr. Wexler indicated that he

was "in the process of being retained by Alice Weiss" and requested that the case be restored to the calendar.[2] (See May 19, 2006 letter, Kagan Aff. Exh. D).

On June 8, 2006, Morgan Stanley's counsel sent a letter to this Court: (1) explaining that it had been prejudiced by the unnecessary delay caused by Plaintiff's actions; and (2) requesting a conference to determine whether Plaintiff should be able to proceed with her case. (See June 8, 2006 letter, Kagan Aff. Exh. E). A conference was scheduled for June 29, 2006. However, by letter dated June 26, 2006, 3 days before the conference, Plaintiff informed the Court that she was no longer being represented by Mr. Wexler purportedly due to his "unforeseen health issues."[3] Plaintiff sought a month extension of the conference to afford her sufficient time to retain an attorney. (See Plaintiff's June 26, 2006 letter, Kagan Aff. Exh. F).

As of the date of this motion, which is more than 60 days after Plaintiff's June 26th letter requesting a month extension and 164 days since the Court's March 21st Order, Plaintiff has not retained an attorney, has not agreed to the prior settlement and has not done anything to prosecute this case.

## ARGUMENT

### A. THE COURT SHOULD ENFORCE ITS MARCH 21, 2006 ORDER AND DISMISS THIS ACTION WITH PREJUDICE

In the Order, which this Court issued, *sua sponte*, your Honor stated:

> Plaintiff's attorney has indicated to the Court that the parties in this action agreed on the terms of a settlement. However, Plaintiff has stopped communicating with her counsel, and has failed to take

---

[2] On May 24, 2006, counsel for Morgan Stanley received an attorney's lien from the Outten & Golden law firm.

[3] Calls to Mr. Wexler's office were not returned. His office advised, on one occasion, that Mr. Wexler was on trial. On June 21, 2006, Plaintiff contacted Morgan Stanley's counsel directly, indicating that she was representing herself and seeking to renegotiate the amount of the settlement, demanding almost three times the amount of the agreed upon settlement. When counsel for Morgan Stanley responded that Morgan Stanley would not renegotiate the Agreement, Plaintiff indicated that she would be retaining new counsel within the next few days. (Kagan Aff. ¶ 9). No new counsel has been identified in the intervening seventy-two (72) days.

> any action to execute the settlement agreement, <u>or otherwise proceed with this case</u>.

(emphasis added). As a result, your Honor dismissed this case and provided Plaintiff with 60 days in which to restore it to the calendar by "communicat[ing] an intension to settle or otherwise proceed[ing] with this action…." Thus, the Court clearly put Plaintiff on notice that she had 60 days within which to settle or begin to meaningfully prosecute this case. Plaintiff has done neither.

Although Mr. Wexler filed an appearance fifty-nine (59) days after the Order, neither he nor Plaintiff have taken any subsequent actions. Indeed, within a month of his appearance, having done nothing in that month period, Mr. Wexler withdrew as counsel. Thus, it has now been approximately 5 months since the Court's Order and 2 months since Mr. Wexler withdrew his appearance and nothing has happened in this case. Accordingly, Plaintiff has failed to comply with the intent and spirit of the Order and her case should be dismissed with prejudice.[4] <u>See</u> Fed. R. Civ. P. 41(b) (authorizing the dismissal of an action due to a Plaintiff's failure to comply with a court order).

### B. ASSUMING, ARGUENDO, THAT THE COURT FINDS PLAINTIFF HAS COMPLIED WITH THE ORDER, IT SHOULD NONETHELESS DISMISS THE ACTION FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, an action may be dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of a court…" Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in [her] duty to process [her] case diligently," which is evidenced by extended inactivity in the case and/or dilatory conduct on the part of the Plaintiff. <u>Lyell Theatre Corp. v.</u>

---

[4] The fact that Mr. Wexler filed an appearance on the 59th day after the Order should not be controlling. At best, that appearance should be considered a tolling of the sixty day period. As nothing has occurred in the three months since that notice of appearance, or for a full 60 days after the withdrawal of that appearance, Plaintiff clearly failed to comply with the Order in any real or material way.

Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). The courts have long recognized that such a dismissal is necessary in order to ensure "the efficient administration of judicial affairs and provide meaningful access for other prospective litigants to overcrowded courts." Id.

In determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b), the Courts consider the following factors: (1) the duration of plaintiff's non-compliance; (2) the notice plaintiff had that her conduct could result in dismissal; (3) the prejudice defendant is likely to suffer by the failure to prosecute; (4) the balancing of plaintiff's due process rights against the court's interest in the expeditious resolution of disputes; and (5) the types of alternate sanctions that may be available. See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); cf. Stanislas v. Lonnborg, 01 CV 3052, 2004 WL 27930190 (S.D.N.Y. Dec. 6, 2004) (Daniels, J.) (denying plaintiff's motion to reconsider order dismissing case for failure to prosecute under Rule 41(b) where plaintiff failed to prosecute action and failed to comply with court orders). No single factor is dispositive and the determination is case-specific, based upon the facts and circumstances of each case. See Lucas, 84 F.3d at 535.

Here, it is clear that the analysis weighs heavily in favor of dismissing Plaintiff's case. First, this case was initially filed in March 2005, approximately eighteen (18) months ago, and nothing has been done to move it forward. Plaintiff has not served a single discovery request, noticed a single deposition or otherwise indicated an intent to litigate the case. Moreover, this delay is directly related to Plaintiff's dilatory conduct, which includes repeatedly agreeing to settle the case -- only to renege and attempt to obtain a larger settlement. This occurred in: (1) September 2005, when the parties settled the case with the assistance of a mediator and Plaintiff then sought to obtain additional money; and (2) November 2005, when the

parties again settled the case following a conference with Judge Eaton, after which Plaintiff fired her attorneys (in January 2006) and called Morgan Stanley's counsel directly (in June 2006) in an attempt to seek additional money.

Thus, it has been 18 months since this case was commenced, almost a year since it was first settled and 8 months since the second settlement was reached, and Plaintiff has done nothing. This conduct, which the Court itself determined was unreasonable in the March 21st Order, clearly satisfies the first prong of the analysis. See Antonios A. Alevizopoulos and Assocs. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at * 2 (S.D.N.Y. Nov. 8, 2000) (finding failure to prosecute case for less than four months warrants dismissal); Lyell Theatre Corp., 682 F.2d at 43; Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) (affirming dismissal for failure to prosecute case for six months).

Second, Plaintiff was clearly on notice from the Court that her failure to move the case forward would result in the dismissal of her Complaint. Moreover, Morgan Stanley also placed Plaintiff on notice of its intent to pursue the dismissal of this case in its June 8, 2006 letter, in which it asked the Court for a conference to determine whether "Plaintiff should be able to proceed with this action." Additionally, in June 2006 Plaintiff only sought thirty days from the Court to obtain new counsel. Notwithstanding this representation, Plaintiff has taken no action to prosecute her case in the 5 months since the Court issued the Order or in the 2 months since Morgan Stanley and she filed letters with the Court. Plaintiff's continued inaction after this notice satisfies the second prong of the analysis and weighs in favor of dismissal. See, e.g., Shannon v. General Electric Co., 186 F.3d 186, 194 (2d Cir. 1999) (noting that prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal)

Third, while the courts in this Circuit have held that prejudice can be presumed from unreasonable delay in prosecuting a case (Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (citing Lyell Theatre Corp., 682 F.2d at 43); Samman v. Conyers, 231 F.R.D 163, 166 (S.D.N.Y. 1998)), Morgan Stanley has suffered actual prejudice. Specifically, several significant witnesses are no longer employed by Morgan Stanley, including the individuals who were involved in the decision to include Plaintiff in the reduction in force. Kagan Aff. ¶ 10. Since many of Plaintiff's claims, which date back over 20 years, can only be refuted (assuming they are cognizable for present purposes) through the recollection of Morgan Stanley's witnesses, each day that passes prejudices Morgan Stanley's ability to locate witnesses and defend its interests. Moreover, Plaintiff's tactics in proceeding with this case, which are clearly focused on extorting a large settlement and not litigating the merits, have caused Morgan Stanley to unnecessarily incur the costs of mediation, extensive settlement negotiations and court conferences. Finally, while Plaintiff has engaged in her dilatory tactics, the allegations against Morgan Stanley remain public and pending. Indeed, these allegations were first made when Plaintiff filed her EEOC Charge in July 2004 and were reiterated in both her initial and Amended Complaint. The fact that these allegations remain pending is in and of itself is prejudicial. Copeland v. Rosen, 194 F.R.D. 127, 131 (S.D.N.Y. 2000) (noting defendants "have an interest in prompt resolution of disputes in which they have been named," particularly where there are allegations of bias). Thus, it is clear that the delay in this case has prejudiced Morgan Stanley and that such prejudice is sufficient to satisfy the third prong of the analysis.

Fourth, Plaintiff's due process rights are not outweighed by the Court's need to efficiently administer its affairs. "The efficient administration of judicial affairs -- a consideration vital to the Court's ability to provide meaningful access to other litigants --

depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." <u>Antonios A. Alevizopoulos and Assocs.</u>, 2000 WL 1677984, at * 3. Where, as here, the dismissal is being sought due to the misconduct of Plaintiff, a purported lack of due process is less persuasive. <u>Id</u>. Accordingly, given the facts of this case, the Court's interest in judicial expediency outweighs any due process rights Plaintiff may have in proceeding with her case.

Finally, it is clear that lesser sanctions would not be effective in this case. Indeed, the Court has already attempted such an approach, by dismissing the case without prejudice, and it has had no effect. Plaintiff has not taken any steps to prosecute this case since that sanction was imposed over 5 months ago and since the action was filed eighteen (18) months ago.

Thus, it is clear that an analysis of the five-pronged test weighs decidedly in favor of dismissing this action for failure to prosecute. Accordingly, a dismissal pursuant to Rule 41 is clearly warranted and appropriate.

## CONCLUSION

For all of the foregoing reasons, Morgan Stanley respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint with prejudice and order such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
September 1, 2006

MORGAN, LEWIS & BOCKIUS LLP

By: /s/
Amber Kagan (AK-7973)
101 Park Avenue
New York, NY 10178

*Counsel for Defendant Morgan Stanley Investment Management Inc.*